UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | )<br>)<br>)<br>) |
| Carol J. Zellner, Individually and as Special Administrator of the Estate of Clifford R. Zellner, Deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>A.W. Chesterton Company, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. MDL 875<br>)<br>)   PA-ED Case No. 11-CV- 66746<br>)<br>)<br>) |

**DEFENDANT METSO PAPER USA, INC.'S
OPPOSITION TO PLAINTIFF'S REQUEST FOR LEAVE TO FILE
AN AMENDED COMPLAINT**

Metso Paper USA, Inc. ("Metso Paper"), by counsel, respectfully submits that Plaintiff's Request for Leave to File an Amended Complaint should be denied as futile. The proposed amended complaint fails to cure the defects in the initial complaint. The proposed amended complaint, like the initial complaint before it, is devoid of specific facts and consists of nothing more than threadbare recitals of asbestos liability based on conclusory, boilerplate allegations. The Supreme Court, in *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949-50 (2009), made abundantly clear that complaints of this nature fail to state claims for relief and should be dismissed. Because the proposed amended complaint is fatally defective, and will not survive a motion to dismiss, the Court need not grant plaintiff's request for leave to amend.

## COURSE OF PROCEEDINGS

The plaintiff filed her initial complaint on March 21, 2011 in the United States District Court for the Eastern District of Wisconsin, Green Bay Division. The complaint named several defendants, including Metso Paper, and purported to allege claims arising from an alleged exposure to asbestos for: 1) Product Liability – Negligence; 2) Product Liability – Unreasonably Dangerous Product; 3) Declaratory Judgment; and 4) Wrongful Death.

On April 25, 2011, Metso Paper filed a Motion to Dismiss Complaint and All Cross-Claims ("Motion to Dismiss") pursuant to Fed. R. Civ. P. 12(b)(6), showing that the initial complaint failed to comply with Fed. R. Civ. P. 8, failed to state a claim upon which relief may be granted, and failed to allege facts sufficient to raise a reasonable expectation that discovery will reveal evidence for a cause of action. A copy of Metso Paper's Motion to Dismiss is annexed hereto as Attachment 1 and a copy of Metso Paper's Reply Memorandum is annexed as Attachment 2. The motion is still pending.

By Conditional Transfer Order filed on June 22, 2011, the United States Judicial Panel on Multi-District Litigation transferred this case to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1407.

On July 1, 2011, plaintiff filed a Request for Leave to File an Amended Complaint with this Court, but the proposed amended complaint makes only superficial style changes to the format of the complaint. The substance of the proposed amended complaint is unchanged and continues to fail to state a claim under the Federal Rules.

## DISCUSSION

When an initial complaint is subject to a Rule 12(b)(6) dismissal, a district court need not permit a curative amendment if the amendment would be futile. *See Culinary Serv. of Del.*

2

*Valley, Inc. v. Borough of Yardley*, 385 Fed. Appx. 135, 146 (3d Cir. 2010) (citing *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004)). "'Futility' means that the complaint, as amended, would still fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). That is precisely the circumstance before the Court in the instant matter. Plaintiff's proposed amended complaint cannot survive a motion to dismiss.

Rule 8, Fed. R. Civ. P., requires, at a minimum, that the complaint contain a "short and plain statement of the claim *showing that the pleader is entitled to relief.*" Fed. R. Civ. P. 8(a)(2) (emphasis added). The statement must be sufficient to provide the defendant with "fair notice" of the claim *and the basis upon which it rests. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The critical ingredient to fair notice pleading is a statement of the factual basis underpinning the claim for relief. The complaint must contain *specific factual allegations* that if true, make plaintiff's allegations more than speculative. *Iqbal*, 129 S. Ct. at 1950; *Twombly*, 550 U.S. at 555. The complaint must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence [of the claim]." *Twombly*, 550 U.S. at 556. In other words, to survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is 'plausible' on its face.'" *Radiator Express Warehouse v. Shie*, 708 F. Supp. 2d 762, 766 (E.D. Wisc. 2010)(quoting *Iqbal*, 129 S. Ct. at 1949).

Here, the amended complaint purports to allege that the plaintiff was exposed to asbestos from a product supplied by Metso Paper, but fails to identify any product manufactured or supplied by Metso Paper that contains asbestos and fails to allege any occasion, or series of occasions, when the plaintiff came in contact with a Metso Paper-supplied product. It is difficult to imagine more fundamental predicate facts in a product liability action than the identity of the

product upon which the claim is based and the circumstances of plaintiff's claimed contact with that product.

A product liability complaint that pleads that the plaintiff was injured but fails to identify the product at issue, like the proposed complaint, lacks the critical fact necessary to "give defendant fair notice of what the…claim is *and the grounds upon which it rests*," as mandated by Rule 8(a) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because the proposed amended complaint is devoid of the requisite facts to support a claim, it fails to state a claim for relief; and the motion to amend the complaint by substituting a defective complaint for the initial complaint should be denied as futile.

## CONCLUSION

Because the plaintiff's proposed amended complaint fails to meet the minimum pleading requirements of Fed. R. Civ. P. 8, the Court should deny Plaintiff's Request for Leave to File an Amended Complaint and grant Metso Paper's pending motion to dismiss the initial complaint.

Respectfully submitted,

By/s/_____
David L. Kelleher
JACKSON & CAMPBELL, P.C.
1120 20th Street, NW
South Tower – Suite 300
Washington, DC 20036
Phone: (202) 457-1600

## CERTIFICATE OF SERVICE

I certify that I caused this memorandum in opposition to plaintiff's motion to amend complaint to be served on all counsel of record by filing and serving electronically through the CM/ECF System of the U.S. District Court for the Eastern District of Pennsylvania which notifies each CM/ECF participant in this action.

/s/<br>
David L, Kelleher<br>
Dated: July 13, 2011