7200-3647

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carol J. Zellner, individually and as Special Administrator of the Estate of Clifford R. Zellner, Deceased, | ) ) ) ) | |
| | ) | Court No. 11-66746 |
| Plaintiff, | ) | |
| v. | ) ) | |
| A.W. Chesterton Company, et al., | ) ) | |
| Defendants. | ) | |

## Weil-McLAIN'S RULE 12(b) (6) MOTION TO DISMISS

Defendant, Weil-McLain, through counsel, Segal McCambridge Singer & Mahoney, Ltd., and pursuant to F.R.C.P. 12(b)(6), moves for dismissal of Plaintiff's Complaint.

### Introduction

In his Complaint, Plaintiff claims Decedent developed an asbestos-related disease as a result of his exposure to unnamed and unspecified "asbestos products" which were designed, manufactured, mined and/or sold by the collective group of Defendants.  The Complaint purports to assert two causes of action against Weil-McLain for products liability— Count I predicated on a theory of negligence; Count II on strict liability—but fails identify any specific Weil-McLain product(s) to which Plaintiff was allegedly exposed, nor any trade name or other information that would enable Weil-McLain to ascertain the precise nature of Plaintiff's claims directed against it, and to defend accordingly.

In short, Plaintiff's Complaint fails to link any particular product with Weil-McLain, or allege that any particular Weil-McLain product caused or contributed to his alleged injuries.

Instead, Plaintiff's Complaint summarily alleges that all the Defendants, as a group, designed, manufactured, mined and/or sold "asbestos products" which somehow caused or contributed his alleged injuries.  Such allegations, or lack thereof, are insufficient to state a cause of action for products liability.  As such, Plaintiff's Complaint fails to comply with the pleading requirements of F.R.C.P. 8 and should therefore be dismissed pursuant to F.R.C.P. 12(b)(6).

## Argument

Pursuant to F.R.C.P. 8, Plaintiff's Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The Supreme Court has explained that this standard requires a plaintiff to set forth in the complaint "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).  This standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Rather, a plaintiff must make specific allegations which, if true, would raise a claim of entitlement to relief— "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 129 S.Ct. at 1949 quoting *Twombly*, 550 U.S. at 545.

When a plaintiff's complaint fails to plead facts supporting entitlement to relief, it is appropriate to grant a dismissal pursuant to a F.R.C.P. 12(b)(6) motion at the earliest practicable stage because a complaint's "basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court. " *Twombly*, 550 U.S. at 558.

Here, Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff has failed to allege that a Weil-McLain product caused his harm.  Instead of introducing any specific allegations that Weil-McLain's conduct caused his injury, Plaintiff instead attempts to group Weil-McLain into a group of other manufacturers, miners and/or sellers of "asbestos

products". This is precisely the type of vague, "defendant-unlawfully-harmed-me accusation" that the Supreme Court has condemned. *Iqbal*, 129 S.Ct. 1937.

Under Wisconsin law, "[I]n a products liability case, the plaintiff must—at a minimum— identify the product alleged to be defective. Doing so puts the defendant on notice and allows the defendant to begin building a defense." *Godoy v. E.I. du Pont de Nemours & Co.,* 319 Wis.2d 91, 768 N.W. 2d 674, 682 (2009) citing *Midway Motor Lodge of Brookfield v. Hartford Ins. Group*, 226 Wis.2d 23, 35, 593 N.W.2d 852 (Ct. App. 1999) ("The complaint must give the defendant fair notice of not only the plaintiff's claim but the grounds upon which it rests as well"). An injured plaintiff is required to identify the particular manufacturer of the product that caused the injury. *Godoy,* 768 N.W. 2d at 682 citing *Collins v. Eli Lilly Co*., 116 Wis.2d 166, 181-182, 342 N.W.2d 37 (1984).

Here, Plaintiff's vague approach to pleading a product liability cause of action is not sufficient to comply with F.R.C.P. 8 as elucidated by the Supreme Court in *Twombly* and *Iqbal*. A plaintiff who fails to meet the pleading requirements of F.R.C.P. 8 is not entitled to conduct discovery in the hope that it might then permit him to state a claim. See *Twombly* 550 U.S. at 570; *Iqbal*, 129 S.Ct. 1954-55. Further, allowing Plaintiff to file first and investigate later, as Plaintiff here has done, would be contrary to F.R.C.P. 11(b), which mandates an "inquiry reasonable under the circumstances" into the evidentiary support for all factual contentions prior to filing a pleading."

Plaintiff's generic pleading cannot withstand scrutiny under federal pleading standards or satisfy the required elements of products liability claims. Accordingly, Plaintiff's Complaint does not comply with the requirements of F.R.C.P. 8 and should be dismissed pursuant to F.R.C.P. 12(b)(6).

**Conclusion**

Wherefore, Weil-McLain Company requests entry of an Order granting its Motion to Dismiss Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(6) and for any further just relief.

By:    s/ Edward J. McCambridge

Edward J. McCambridge ARDC #1812343
Adam J. Jagadich ARDC #6280278
Segal McCambridge Singer & Mahoney Ltd.
Suite 5500, 233 S. Wacker Drive
Chicago, Illinois 60606
(312) 645-7800
(312) 645-7711 Facsimile
Emails: emccambridge@smsm.com
        ajagadich@smsm.com