IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------- x
IN RE: ASBESTOS PRODUCTS            :
LIABILITY LITIGATION (NO. VI)       :   CIVIL ACTION NO. MDL 875
------------------------------------------------------------- x
This Document Relates To:           :
------------------------------------------------------------- x
CAROL J. ZELLNER, Individually and as : Transferee E.D. Pa.
Special Administrator of the Estate of :    Case No. 11-CV-66746
CLIFFORD R. ZELLNER, Deceased,      :
                                    :
          Plaintiff,                :   Transferor E.D. Wis.
                                    :      Case No. 11-CV-283
      v.                            :
                                    :
A.W. CHESTERTON COMPANY, et al.,    :   Oral Argument Requested
                                    :   Under Local Rule 7.1(f).
          Defendants.               :
------------------------------------------------------------- x


**DEFENDANT OWENS-ILLINOIS, INC.'S
COMBINED MOTION AND BRIEF FOR SUMMARY JUDGMENT**


                                        Robert H. Riley
                                        Edward Casmere
                                        Brian O. Watson
                                        Schiff Hardin LLP
                                        233 S. Wacker Dr. Suite 6600
                                        Chicago, Illinois  60606
                                        (312) 258-5500
                                        (312) 258-5600 (facsimile)
                                        *Attorneys for Defendant
                                        Owens-Illinois, Inc.*

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................1

II.  FACT DISCOVERY....................................................................................................1

III. LEGAL STANDARD ..................................................................................................3

    A.   The Summary Judgment Standard. .....................................................................3

    B.   The Applicable Law of Wisconsin. .....................................................................4

IV.  ARGUMENT................................................................................................................5

    A.   Owens-Illinois Is Entitled to Summary Judgment on Lack of
         Causation or Product Identification. ....................................................................5

         1.   Wisconsin Law Demands Credible Evidence that Plaintiff
              Was Exposed to Defendant's Asbestos-Containing Product........................5

         2.   Plaintiff Failed to Disclose Any Admissible Evidence
              During Fact Discovery of Exposure to Any Owens-Illinois
              Product. ........................................................................................................7

         3.   Owens-Illinois Cannot Be Held Liable for Plaintiff's Alleged
              Exposure After April 30, 1958......................................................................9

         4.   Plaintiff Has Not, and Cannot, Identify Exposure to Any
              Owens-Illinois Insulation Product as of April 30, 1958............................. 10

    B.   Owens-Illinois Is Entitled to Summary Judgment Because None of
         Plaintiff's Experts Has Opined that Exposure to an Owens-Illinois
         Product Was a Cause.......................................................................................... 11

    C.   Owens-Illinois Is Entitled to Summary Judgment Because Plaintiff's
         Claims Are Time-Barred. .................................................................................. 13

V.   CONCLUSION ..........................................................................................................16

**I.     INTRODUCTION**

On March 3, 2011, Plaintiff filed her complaint against more than thirty defendants alleging that her husband, Clifford Zellner, died on May 4, 2006, and was diagnosed with asbestos-related lung cancer posthumously on January 20, 2011, as a result of exposure while a pipefitter in Green Bay, Wisconsin.[1]  Plaintiff brings various state law-based claims against Owens-Illinois, Inc. ("Owens-Illinois").  As set forth below, Owens-Illinois is entitled to summary judgment because Plaintiff has failed to produce even the most basic threshold evidence to support any of her claims during fact discovery, and even if she could, her claims are barred by the three-year statute of limitations in Wisconsin.

**II.    FACT DISCOVERY**

Fact discovery closed in this matter on August 3, 2012.  Plaintiff never provided any initial disclosures under Rule 26(a)(1), nor did she serve any complete answers to the Court-ordered standard interrogatories.[2]  Plaintiff also failed to serve any response to Owens-Illinois product-specific discovery.[3]  Thus, Plaintiff had at least three separate opportunities and obligations to disclose information or identify her witnesses against Owens-Illinois, and she failed to do so.

In these CVLO MDL-875 cases, "standard interrogatories were approved by the court on October 5, 2010 and were deemed to be served in each individual CVLO MDL-875 case as of October 1, 2010.  Each individual plaintiff in each case was to answer the interrogatories utilizing the information unique to his or her case."[4]  This Court ordered, again and further, that each plaintiff must respond without objection to the standard

---

[1] ECF No. 176-1, Compl. ¶¶ 3, 8, 11.
[2] ECF No. 176-3, Pl.'s Resp. Standard Interrog. No. 20.
[3] ECF No. 176-5, Def.'s Product-Specific Interrog. No. 6.
[4] *In re Asbestos Prods. Liab. Litig. (No. VI)*, No. MDL 875, slip op. at 3 (E.D. Pa. July 17, 2012), *available at* www.paed.uscourts.gov/mdl875r.asp (last visited Oct. 26, 2012).

- 1 -

interrogatories by February 21, 2011.[5]  On September 22, 2011, this Court entered its referral order "for all necessary pretrial proceedings."[6]

Throughout fact discovery, the Court warned CVLO to be "clear-eyed" about its disclosure obligations.[7]  The Court stressed complete witness disclosures and complete interrogatory answers in its deposition protocol.[8]  After entering scores of discovery sanction orders against CVLO, the Court was blunt and clear about summary judgment:

> [I]f the plaintiff has a thought that simply presenting a declaration from somebody whose name might appear on that sheet in connection with an opposition to motion for summary judgment as a discovery matter would appear to me to be very inappropriate, and if they expect to rely upon some such affidavit or declaration, some such thing or some such witness, they need to do a much more substantial disclosure within the context of the time period for discovery such as to give the defendants an opportunity to challenge that evidence if they choose to do so by way of deposition.[9]

Plaintiff still failed to disclose information or identify his witnesses against Owens-Illinois in any initial disclosures under Rule 26(a)(1), the Court-ordered standard interrogatories, or Owens-Illinois product-specific discovery.  Indeed, Owens-Illinois has a pending motion on these discovery violations before Magistrate Judge Strawbridge.[10]  Put simply, any evidence that Plaintiff could present against Owens-Illinois "in connection with an opposition to motion for summary judgment as a discovery matter would . . . be very inappropriate."[11]

---

[5] *In re Asbestos Prods. Liab. Litig. (No. VI)*, No. MDL 875 (E.D. Pa. Nov. 15, 2010), *available at* www.paed.uscourts.gov/mdl875r.asp (last visited Oct. 26, 2012).

[6] ECF No. 30, Order at 1, Sept. 22, 2011.

[7] *In re Asbestos Prods. Liab. Litig. (No. VI)*, No. MDL 875 (E.D. Pa. Oct. 12, 2012), *available at* www.paed.uscourts.gov/mdl875r.asp (last visited Oct. 26, 2012).

[8] Deposition Protocol at ¶ 13, *available at* www.paed.uscourts.gov/mdl875r.asp (last visited Oct. 26, 2012).

[9] **Ex. A**, Hr'g Tr. at 34:6-16, Aug. 1, 2012.

[10] ECF No. 176, Def.'s Mot.

[11] *Supra* n.7, Hr'g Tr. at 34:6-16, Aug. 1, 2012.

The relevant facts about Owens-Illinois are not disputed. Owens-Illinois is, and always has been, a glass company. Owens-Illinois is named as a defendant because for a limited period of time ending on April 30, 1958, it made and sold a high temperature thermal insulation product named "Kaylo." On April 30, 1958, Owens-Illinois left the insulation business altogether and sold the "Kaylo" business to Owens Corning Fiberglas — a separate company that continued to make and sell "Kaylo" into the 1970s. Owens-Illinois did not make or sell "Kaylo," or any other insulation product, after April 30, 1958.[12]

It is therefore undisputed after April 30, 1958, Owens Corning Fiberglas manufactured and distributed "Kaylo," Owens Corning Fiberglas was solely responsible for its product, and Owens Corning Fiberglas made its own alterations to the formula and composition of its product.[13] In other words, Owens-Illinois cannot be held liable for any alleged exposure to any asbestos-containing insulation product manufactured or sold after April 30, 1958.

## III. LEGAL STANDARD

### A. The Summary Judgment Standard.

Summary judgment is appropriate if there are no genuine disputes as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is

---

[12] **Ex. B**, Def.'s Resp. Pl.'s Interrog.

[13] **Ex. C**, Owens-Corning Affidavits and Documents.

"genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Summary judgment will be entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party bears the initial burden to show the absence of any genuine disputes of material fact, meeting this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. "Summary judgment must be granted where no genuine issue of material fact exists for resolution at trial and the moving party is entitled to judgment as a matter of law." *Orson Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). "When the nonmoving party will bear the burden of proof at trial, the moving party may meet its burden by showing that the nonmoving party has not offered evidence sufficient to establish the existence of an element essential to its case." *Id.*

### B. The Applicable Law of Wisconsin.

Federal jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332, and this action was initially filed in the Eastern District of Wisconsin. (*See* Pl.'s Am. Compl. ¶¶ 1-5.) To determine what substantive law governs, a federal transferee court in diversity jurisdiction applies the choice-of-law rules of the state in which the action was filed. *See Van Dusen v. Barrack*, 376 U.S. 612, 637-40 (1964) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 108 (1945)). Plaintiff has only alleged exposure to asbestos-containing products in Wisconsin (*see* Pl.'s Am. Compl. ¶ 6), so Wisconsin substantive law governs her claims. As such, this Court should apply Wisconsin substantive law.

## IV. ARGUMENT

Owens-Illinois is entitled to summary judgment on three grounds.  First, there is no admissible evidence that Mr. Zellner ever was exposed to any asbestos-containing product manufactured or sold by Owens-Illinois — much less the necessary evidence that it was a substantial factor in causing his lung cancer.  Second, none of Plaintiff's disclosed experts has opined that Mr. Zellner ever was exposed to asbestos from a product manufactured or sold Owens-Illinois, much less that this exposure was a "substantial factor" in causing his lung cancer.  Third, Plaintiff's claims are time-barred by the three-year statute of limitations.

### A. Owens-Illinois Is Entitled to Summary Judgment on Lack of Causation or Product Identification.

#### 1. Wisconsin Law Demands Credible Evidence that Plaintiff Was Exposed to Defendant's Asbestos-Containing Product.

To survive summary judgment under Wisconsin law, as previously discussed by this Court, a plaintiff must produce evidence showing that defendant's conduct was a cause of the plaintiff's injury.  *Dion v. Anchor Packing Co.*, No. 2:10-cv-64681, 2011 WL 6026701, at *1 (E.D. Pa. Oct. 4, 2011) (quoting *Horak v. Building Servs. Indus. Sales Co.*, 309 Wis. 2d 188, 198, 750 N.W.2d 512, 517 (Wis. Ct. App. 2008)).  Causation is an essential and identical element for products liability and negligence.  *Schuh v. Fox River Tractor Co.*, 63 Wis. 2d 728, 735, 218 N.W.2d 279, 283 (Wis. 1974) ("'strict liability . . . is subject to the ordinary rules of causation and the defense applicable to negligence.'" (citation omitted)); *Rogers v. AAA Wire Prods., Inc.*, 182 Wis. 2d 263, 270, 513 N.W.2d 643, 645 (Wis. Ct. App. 1994) (finding in both products liability and negligence, "plaintiff bears the burden of proving causation between a defendant's conduct and the plaintiff's injury").

In particular, a plaintiff must show that defendant's conduct "must have been 'a substantial factor in producing the injury.'"  *Dion*, 2011 WL 6026701, at *1 (quoting *Horak*,

309 Wis. 2d at 198, 750 N.W.2d at 517). Therefore, a plaintiff must produce evidence to satisfy the "causal identification requirement," showing what specific product caused his injury. *Rogers*, 182 Wis. 2d at 270-73, 513 N.W.2d at 645-46 (affirming summary judgment without identification of a specific manufacturer's or distributor's product). This burden demands actual evidence and cannot rely on a series of inferences. *Singer v. Pneumo Abex, LLC*, 2012 WI App 27, 339 Wis. 2d 490, 809 N.W.2d 900 (Wis. App. Ct. 2012) (reversing and remanding with directions to grant motion for summary judgment where Plaintiff's counsel argued asbestos-containing brake shoes were present at worksite).

"Speculation is not permissible. The causation inference, to be reasonable, must be based on more than a 'mere possibility.' A reasonable inference is one based on 'credible evidence from which a reasonable person could infer that the injured party was exposed to the defendant's products.'" *Id.* (brackets omitted) (quoting *Zielinski v. A.P. Green Indus., Inc.*, 263 Wis. 2d 294, 306, 661 N.W.2d 491, 497 (Wis. Ct. App. 2003)). "It follows that, as for product identification in the asbestos context, a defendant must be granted summary judgment when plaintiff's exposure to defendant's asbestos-containing products was a 'mere possibility.'" *Dion*, 2011 WL 6026701, at *1 (quoting *Zielinski*, 263 Wis. 2d at 306, 661 N.W.2d at 497).

Even before *Singer*, this Court had routinely entered summary judgment under Wisconsin law where a plaintiff could not present credible evidence that plaintiff was exposed to defendant's asbestos-containing products. *Id.* (entering summary judgment when coworker testified that Crane Co. products were "more than likely" in the stockroom at jobsite and Crane Co. name sounded "familiar"); *Dion v. Anchor Packing Co.*, No. 10-cv-64681, 2011 WL 6026598, at *1 n.1 (E.D. Pa. Oct. 4, 2011) (entering summary judgment when coworker testified he worked on Aurora pumps "the most" at jobsite, and he saw

plaintiff work on or near an Aurora pump at least once); *Dion v. Anchor Packing Co.*, No. 10-cv-64681, 2011 WL 6026704, at *1 n.1 (E.D. Pa. Oct. 4, 2011) (entering summary judgment when coworker remembered one Goulds product, but there was no testimony as to whether it contained asbestos).

### 2. Plaintiff Failed to Disclose Any Admissible Evidence During Fact Discovery of Exposure to Any Owens-Illinois Product.

In this case, Plaintiff has not produced any evidence or identified any witness against Owen-Illinois to establish that Mr. Zellner was exposed to any asbestos-containing product manufactured or sold by Owens-Illinois. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1)'s requirements are mandatory — an unequivocal "not." *Id.* It is a rule with automatic consequences. *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995) ("Rule 37 is written in mandatory terms and 'is designed to provide a strong inducement for disclosure of Rule 26(a) material.'"); *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) ("[E]xclusion of non-disclosed evidence is automatic and mandatory."); *Harriman v. Hancock County*, 627 F.3d 22, 29 (1st Cir. 2010) ("[T]he baseline rule is that 'the required sanction in the ordinary case is mandatory preclusion.'" (citation omitted)).

In fact, the issue is indistinguishable from *Morgan v. 3M*, 2011 WL 7573811, at *1 n.1 (E.D. Pa. Dec. 22, 2011), *Maddux v. Owens-Corning*, 2012 WL 3536319, at *1 n.1 (E.D. Pa. July 26, 2012), and *Anderson v. AW Chesterton*, 2012 WL 2877405, at *1 n.1 (E.D. Pa. April 5, 2012). Where, as here, "Plaintiff failed to disclose . . . , his evidence is excluded and will not be considered by the Court in deciding Defendant's motion" for summary judgment. *Maddux*, 2012 WL 3536319, at *1 n.1; *Morgan*, 2011 WL 7573811, at *1 n.1 (same).

Significantly, *Anderson* entered summary judgment against Plaintiff's counsel on the very same misconduct — "in light of the fact that Plaintiff had at least three (3) separate opportunities and obligations to provide the [information] and failed to do so, and that the case is now ripe for disposition such that further delay would affect the administration of justice." *Anderson*, 2012 WL 2877405, at *1 n.1. Just like *Anderson*, Plaintiff had three opportunities and obligations during fact discovery, yet she did not disclose any evidence or identify any witness against Owen-Illinois under Rule 26(a)(1), the Court-ordered standard interrogatories, or the Owens-Illinois product-specific discovery.

As in *Morgan*, *Maddux*, and *Anderson*, the Seventh Circuit has affirmed discovery sanctions in two asbestos cases for the same misconduct. *Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 96 (7th Cir. 1992); *Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1433 (7th Cir. 1996). In *Shine*, the district court in consolidated asbestos cases entered a scheduling order with disclosure deadlines of witnesses. *Shine*, 979 F.2d at 95. When plaintiff failed to provide timely disclosures, the district court excluded her witnesses. *Id.* at 96-97. The Seventh Circuit affirmed and offered an admonition like *Morgan*: "We sympathize with Mrs. Shine, for the exclusion of the product identification witnesses had the practical effect of dismissing her case. However, it is the district court's prerogative to adhere to established schedules and to exclude evidence provided in derogation of the timelines established therein." *Id.* at 98 (citations omitted); *accord Morgan*, 2011 WL 7573811, at *1 n.1 ("[I]f Plaintiffs' counsel fails to comply with the Court's roadmap without justification, as in this case, not only will the Court not reach the merits in a timely fashion, but the progress of other cases waiting in the queue will also be delayed.").

Therefore, this Court has been altogether clear, just like the Seventh Circuit, that "Complex cases such as this one must have enforceable deadlines. . . . 'Ignoring deadlines is

the surest way to lose a case.'" *Harris*, 102 F.3d at 1433 (excluding untimely affidavit in an asbestos case as a discovery sanction). Courts "must have authority to manage their dockets, especially during massive litigation" imposed by CVLO and its illegitimate screening practices. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 278 F.R.D. 126, 129 (E.D. Pa. 2011) (dismissing dozens of CVLO cases). As in *Morgan*, *Maddux*, *Anderson*, *Shine*, and *Harris*, and despite the Court-issued warnings above, Plaintiff failed during fact discovery to disclose any admissible information or witness against Owens-Illinois, and she "is not allowed to use that information or witness to supply evidence on a motion." Fed. R. Civ. P. 37(c)(1).

### 3. Owens-Illinois Cannot Be Held Liable for Plaintiff's Alleged Exposure After April 30, 1958.

On April 30, 1958, Owens-Illinois left the asbestos insulation business altogether and sold the "Kaylo" business to Owens Corning Fiberglas Corporation — a separate company that continued to manufacture and sell "Kaylo" into the early 1970s. In the fifty-four years since the sale of the "Kaylo" division, Owens-Illinois has not manufactured an asbestos-containing insulation product. Accordingly, Owens-Illinois cannot be held liable for the alleged exposure to any asbestos-containing insulation product manufactured or sold after April 30, 1958. *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 516 (Cal. Ct. App. 2004); *Kurak v. A.P. Green Refractories Co.*, 298 N.J. Super. 304, 322, 689 A.2d 757, 766 (N.J. App. Div. 1997).

The issue has been litigated repeatedly with the same result. In *Cadlo*, after detailing Owens-Illinois's sale to Owens Corning Fiberglas and Owens-Illinois's cessation of "all manufacture, sale, and distribution" as of April 30, 1958, the court found "to establish a defendant's liability for injuries caused by a product, the plaintiff must show, at least, that he was exposed to the defendant's product." *Id.* at 523. To affirm summary judgment, the

*Cadlo* court held that "Owens-Illinois ended all association with Kaylo when it sold its Kaylo division in 1958," and therefore "Owens-Illinois had had no business association with, direct or indirect financial interest in, or control over Kaylo . . . by the time [plaintiff] was exposed to OCF's Kaylo." *Id.* at 524.

Likewise in *Kurak*, plaintiff tried to hold Owens-Illinois liable for asbestos-containing insulation manufactured or sold after April 30, 1958. *Kurak,* 298 N.J. Super. at 322, 689 A.2d at 766. Rejecting the plaintiff's theory, the *Kurak* court concluded "there was not enough evidence to identify OI as a legally responsible source" because "[a]fter 1958, OI was no longer involved with Kaylo." *Id.* Therefore, the trial court erred by failing to direct a verdict in Owens-Illinois's favor on any alleged exposure after April 30, 1958. *Id.* Just like *Cadlo* and *Kurak*, Owens-Illinois cannot be held liable here for Plaintiff's alleged exposure to any asbestos insulation product after April 30, 1958.

> **4. Plaintiff Has Not, and Cannot, Identify Exposure to Any Owens-Illinois Insulation Product as of April 30, 1958.**

Taken together, there is a complete lack of admissible evidence that Mr. Zellner ever worked with or around an asbestos-containing product associated with Owens-Illinois. There is no evidence in the record that Mr. Zellner ever purchased, handled, or was exposed to any Owens-Illinois asbestos-containing product. There is similarly no evidence that Mr. Zellner was ever present while others used such a product. Plaintiff has failed on the most fundamental obligation to present evidence that Mr. Zellner was exposed to any Owens-Illinois asbestos-containing product. *See Singer*, 2012 WI App at 27, 339 Wis. 2d at 490, 809 N.W.2d at 900 (entering summary judgment where plaintiff failed "to create a genuine issue of material fact regarding whether [plaintiff] was exposed to asbestos from [defendant's] brake shoes"). Because there is no fact in dispute to deny summary judgment

and no admissible evidence that any conduct by Owens-Illinois ever caused any injury to Mr. Zellner as a matter of law, Owens-Illinois is entitled to summary judgment.

> **B.     Owens-Illinois Is Entitled to Summary Judgment Because None of Plaintiff's Experts Has Opined that Exposure to an Owens-Illinois Product Was a Cause.**

Each of Plaintiff's claims requires proof of causation. *Singer*, 2012 WI App 27, 339 Wis. 2d at 490, 809 N.W.2d at 900; *Onderank*, 79 Wis. 2d at 247, 255 N.W.2d at 510. None of Plaintiff's disclosed experts, however, has opined that Mr. Zellner ever was exposed to asbestos from a product manufactured or sold Owens-Illinois, much less that this exposure was a "substantial factor" in causing his lung cancer. (*See* Pl.'s Statement of Expert, ECF No. 183.) An expert report, in and of itself, "must be sufficiently complete to satisfy the criteria of the *Daubert* decision, and one of those criteria, as we have been at pains to emphasize, is that the expert show how his conclusion is grounded in—follows from—an expert study of the problem." *Smith v. Sofamor, S.N.C.*, 21 F. Supp. 2d 918, 922 (W.D. Wis. 1998) (citation omitted) (entering summary judgment for lack of specific causation under Wisconsin law).

"To establish liability, a plaintiff must prove not only that the defendant's product was defective, but that the product was cause in fact of plaintiff's injury," and "'the lack of expert testimony on the question of causation results in an insufficiency of proof where the issue involves technical, scientific or medical matters which are beyond the common knowledge or experience of jurors and the jury could only speculate as to what inference to draw.'" *Id.* at 921 (quoting *Ollman v. Wisconsin Health Care Liab. Ins. Plan*, 178 Wis. 2d 648, 667 (Wis. Ct. App. 1993)); *Cali v. Danek Med. Inc.*, 24 F. Supp. 2d 941, 950 (W.D. Wis. 1998) (same); *Solar v. Kawasaki Motor Corps, USA*, 221 F .Supp. 2d 967, 971 (E.D. Wis. 2002) (same). Without expert testimony drawing the specific causation between Mr. Zellner's alleged exposure to asbestos from an Owens-Illinois product and his injury,

Plaintiff's claims fail as a matter of law. *See id.; Kujawski v. Arbor View Health Care Ctr.*, 407 N.W.2d 249, 252-53 (Wis. 1987) (expert testimony required if "the trier of fact is faced with matters requiring special knowledge or skill or experience on subjects which are not within the realm of the ordinary experience of mankind").

Even if Plaintiff's experts had attempted to opine that Mr. Zellner was exposed to asbestos from a particular Owens-Illinois product (which they have not), the opinions would have been inadmissible under *Daubert* and Federal Rules of Evidence 702 and 703. (*E.g.*, Stephen Haber Rep., ECF No. 183-1 (citing no facts in the record that would support an opinion concerning Owens-Illinois); Arnold Brody Rep., ECF No. 183-6 (same).) This is because any case-specific exposure opinion would be based on speculation and assumptions about Mr. Zellner's exposures to asbestos from an Owens-Illinois product. In fact, those opinions would contradict the empty factual record in this case.

Opinions — not based on any facts or data — are unreliable from their very start and must be excluded. *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3rd Cir. 2002) ("It is an abuse of discretion to admit expert testimony which is based on assumptions lacking any factual foundation in the record."); *Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 75 (3d Cir. 1996) ("[i]f an expert opinion is based on speculation or conjecture, it may be stricken"); *JMJ Enters., Inc. v. Via Veneto Italian Ice, Inc.*, No. Civ. A. 97-CV-0652, 1998 WL 175888, at *6 (E.D. Pa. April 15, 1998) ("An expert's testimony must have some connection to existing facts"); *see also In re TMI Litig.*, 193 F.3d 613, 698 (3d Cir. 1999); Fed. R. Evid. 702(b) (expert testimony is admissible only if it "is based on sufficient facts or data"); Fed. R. Evid. 702(a) (expert testimony admissible only if it helps the jury "understand the evidence or to determine a fact in issue"). Owens-Illinois is therefore entitled to summary judgment on all claims because none of Plaintiff's experts has specifically opined that exposure to any Owens-Illinois product was a cause.

### C. Owens-Illinois Is Entitled to Summary Judgment Because Plaintiff's Claims Are Time-Barred.

In Wisconsin, the "following actions shall be commenced within 3 years or be barred: shall be commenced within 3 years or be barred: (1) An action to recover damages for injuries to the person. (2) An action brought to recover damages for death caused by the wrongful act, neglect or default of another." Wis. Stat. § 893.54. "The purpose of statutes of limitations is to ensure prompt litigation of claims and to protect the defendants from fraudulent or stale claims brought after memories have faded or evidence has been lost." *Korkow v. Gen. Casualty Co.*, 117 Wis. 2d 187, 198-99 (Wis. 1984) (citation omitted). This purpose is specifically served in a personal injury context by Wis. Stat. § 893.54. *Korth v. Am. Family Ins. Co.*, 115 Wis. 2d 326, 332 (Wis. 1983).

Plaintiff's claims were time-barred at the latest on May 4, 2009, which is three years after his death. Wis. Stat. § 893.54. As Plaintiff's expert admits, Mr. Zellner was diagnosed with lung cancer in December 2005, and he died on May 4, 2006. (*See* Stephen Haber Rep. 3, 5, ECF No. 183-1; *see also* Pl.'s Admin. Order 12 Rep. at 6, 7, attached as **Ex. D**.) According to Plaintiff's interrogatory answers, a connection between his asbestos exposure and his asbestos-related pleural disease had been discovered as early as 1995. (*See* Pl.'s Ans. Interrog. No. 4, ECF No. 176-3.) The statute of limitations on Plaintiff's claims therefore began to run, at the latest, on the date of Mr. Zellner's death. As a result, Plaintiff's claims are time-barred because she sued more than five years and two months after Mr. Zellner's lung cancer diagnosis and more than four year and ten months after his death. Wis. Stat. § 893.54.

Nor is there evidence to suggest the discovery rule could apply. Wisconsin's statute of limitations begins to run when the plaintiff "discovers, or in the exercise of reasonable diligence should have discovered, not only the fact of the injury but that also that the injury

was probably caused by the defendant's conduct or product." *Meracle v. Children's Serv. Soc'y of Wis.*, 437 N.W.2d 532, 534 (Wis. 1989) (quoting *Borello v. U.S. Oil Co.*, 388 N.W.2d 140, 146 (Wis. 1986)). "Whether the plaintiff exercised reasonable diligence is an objective test; the question is not when the plaintiff actually knew that he had a claim against the defendant but rather when he should have known that he had a claim." *Howard v. Philip Morris USA, Inc.*, 98 Fed. App'x 535, 538 (7th Cir. 2004) (applying Wisconsin law). As the record overwhelmingly shows, Plaintiff discovered, or in the exercise of reasonable diligence should have discovered, that she had a claim more than four year and ten months before filing. That is objectively unreasonable.

For Plaintiff's claim to accrue, she need not be convinced that a product at issue caused her injuries. *See Doe v. Archdiocese of Milwaukee*, 565 N.W.2d 94, 105 (Wis. 1997) (a plaintiff need not be "officially informed by an expert witness of his or her injury, its cause or the relation between the injury and its cause" before his claim accrues) (citing *Clark v. Erdmann*, 161 Wis. 2d 428, 448 (Wis. 1991)); *Keith-Popp v. Eli Lilly & Co.*, 639 F. Supp. 1479, 1482 (W.D. Wis. 1986). Rather, Plaintiff's claims accrued and the statute of limitations began to run when "the plaintiff has information providing the basis for an objective belief as to his or her injury and its cause." *Doe*, 565 N.W.2d at 105; *Howard*, 98 Fed. App'x at 538 (cause of action accrues at time plaintiff is "on notice" that defendant's product was possible cause injury). Plaintiff has offered no objective evidence to allow her to sit on her claims for year after year — after year. Given that Plaintiff has offered literally no evidence of her exercising "any diligence by inquiring into the cause of his lung cancer," her claims are barred by the statute of limitations. *See Robinson v. Illinois Cent. R. Co.*, No. 2:08-89339, 2011 WL 4907401, at *1 n.1 (E.D. Pa. Feb. 14, 2011) (entering summary judgment).

Even if Plaintiff did not have actual knowledge that asbestos was a possible cause—which the evidence does not show—her claims are still time-barred because, through the exercise of reasonable diligence, she should have found publicly available information about an alleged connection. In fact, it is difficult to escape the information: "screenings were often advertised in break rooms, in local papers, and on local broadcast stations," "asbestos plaintiffs' bar spends billions of dollars on mass media advertisements designed to recruit potential asbestos tort plaintiffs and trust claimants," and "lawyers' ad campaigns extend beyond television, and experts estimate that the asbestos bar spends tens of millions each year on sophisticated online advertising campaigns." H.R. Rep. No. 112-687, 112th Cong. 2d Session (2012), reprinted in 2012 WL 4320666, at *7.

As emphasized by the Wisconsin Supreme Court, "[p]laintiffs have a duty to inquire into the injury that results from tortious activity." *Doe*, 565 N.W.2d at 105. To satisfy their duty, plaintiffs must exert the level of diligence to discover the elements of his cause of action "as the great majority of persons would use in the same or similar circumstances." *Id.* Plaintiffs "may not ignore means of information reasonably available to them, but must in good faith apply their attention to those particulars which may be inferred to be within their reach." *Id.* (citing *Spitler v. Dean*, 436 N.W.2d 309 (Wis. 1989)); *Thurin v. A.O. Smith Harvestore Prods., Inc.*, No. 95-2415, 1998 Wisc. App. LEXIS 819, at *4 (Wis. Ct. App. July 9, 1998) (affirming dismissal of plaintiffs' claims on grounds of the statute of limitations when plaintiff "knew or should have known from 'day one" of their cause of action); *Stroh Die Casting Co. v. Monsanto Co.*, 502 N.W. 2d 91 (Wis. Ct. App. 1993) ("Claimed ignorance of, and blatant failure to follow applicable regulatory rules, cannot be construes as being 'reasonably diligent' in discovering an injury."). Here, Plaintiff cannot invoke the discovery rule to avoid the statute of limitations because reasonable diligence would have uncovered an alleged link, and she has presented no evidence to show otherwise.

Finally, and significantly, in "Wisconsin the expiration of the statute of limitations does more than merely close the door of the courthouse. The expiration of the limitations period extinguishes the cause of action of the potential plaintiff and it also creates a *right* enjoyed by the would-be defendant to insist on that statutory bar." *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007) (emphasis added). As such, Owens-Illinois, "having acquired a right to a right to assert the statute of limitations bar by operation of Wisconsin law, would suffer plain legal prejudice" if this Court denied its vested statutory right. *Id.* at 927-28. This case involves injury that manifested in 2005 and resulted in Mr. Zellner's death in 2006. There is now missing evidence that would have allowed Owens-Illinois to test Plaintiff's claims. Medical records have been destroyed; pathology samples, if any ever existed, have been disposed of; and physicians have passed away and cannot be located. The problems of proof that arise under these circumstances are manifest, and they prohibit the Owens-Illinois from developing their defense and vested statutory right in this case. Owens-Illinois is entitled to summary judgment because Plaintiff's claims are time-barred.

## V. CONCLUSION

For these reasons, Owens-Illinois, Inc. respectfully requests this Court enter an order granting summary judgment in its favor and against Plaintiff, granting it fees and costs, and awarding such further relief as this Court deems just and proper.

- 17 -

Dated:  October 29, 2012                     Respectfully submitted,


                                             By: /s/ Brian O. Watson
                                                 Robert H. Riley
                                                 Edward Casmere
                                                 Brian O. Watson
                                                 Schiff Hardin LLP
                                                 233 S. Wacker Dr. Suite 6600
                                                 Chicago, Illinois  60606
                                                 (312) 258-5500
                                                 (312) 258-5600 (facsimile)

                                                 *Attorneys for Defendant*
                                                 *Owens-Illinois, Inc.*

- 18 -

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 29, 2012, the foregoing was filed with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-1241
CH2\12000165.1